## Rathjens License

*Richard A. Rosenberger*, for appellant.

*William H. Eastburn, 3rd*, for Secretary of Revenue.

FULLAM, J., October 25, 1963.—Appellant, Jacob John Rathjens, is challenging an order of the Secretary of Revenue suspending his operating privileges for a period of two months, on the basis of an alleged violation of section 1027(d) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1027(d), which imposes upon motorists "involved in an accident with any vehicle or property which is unattended" the duty to stop, ascertain the identity of the owner or custodian of the property, and submit the driver's identification, or post such identification upon the unattended vehicle or property.

At about 8:45 p.m., on July 18, 1962, the vehicle which appellant was operating came into physical contact with a curb and adjacent utility pole, the pole being approximately six inches back from the curb, on a street in Quakertown. The sole visible results were some scratch marks on the curb, and a scrape

mark on the pole. The markings on the utility pole covered an area approximately four inches by six inches; the police officer who testified for the Commonwealth was unable to say whether there was any appreciable indentation; the pole was not moved or disturbed in any way; and everyone agrees that no actual, compensable damages were sustained by the utility company or the borough.

We believe section 1027 (d) of The Vehicle Code must be given a reasonable interpretation, and while that section does require certain actions to be taken by the operator "regardless of the amount of damage done to such unattended vehicle or property," we do not believe the statutory provisions can properly be invoked unless there is a showing of at least *some* damage, however slight in amount. Under the circumstances presented by this record, no violation of section 1027 (d) has been established.

In view of this conclusion, it is unnecessary to consider whether appellant's subsequent actions did in fact constitute substantial compliance with the statutory requirements.

It should also be noted that, under any view of the law and the facts, appellant's alleged infraction could not have amounted to more than a trivial and technical violation, and it is difficult to understand how any such violation, even if it had been established, could conceivably justify a two months license suspension.

### Order

And now, October 25, 1963, for the reasons set forth in the foregoing opinion, the order of the Secretary of Revenue suspending appellant's operating privileges is hereby reversed.